

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**FILED**

MAY 1 6 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re                                )    Case No. 16-90363-E-11
                                     )    Docket Control No. [None Provided]
ERNEST GEORGE ALTMANN,               )
                                     )
                Debtor.              )
_____)

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION AND ORDER
### DENYING *EX PARTE* MOTION TO STAY ALL HEARINGS

Ernest Altmann, the Chapter 11 Debtor, voluntarily commenced this Chapter 11 case on April 27, 2016. Mr. Altmann serves as the Debtor in Possession ("ΔIP"). ΔIP filed an *ex parte* motion on May 9, 2016 ("First *Ex Parte* Motion") in which he requests that the court extend court dates until certain documents are produced. *Ex Parte Motion*, Dckt. 34. The First *Ex Parte* Motion is titled, ""(1) Motion for Automatic Stay until Chapter 11 Complete (2) Motion to Produce Requested Up to Date Documents, Section 2605(e) of Title 12 of U.S. Code." The court, not quite sure what relief is requested and whether relief may be properly granted on an *ex parte* basis on the record provided, issued an order setting a hearing on the First *Ex Parte* Motion for 10:00 a.m. on June 2, 2016. Order, Dckt. 38.

The ΔIP has filed a second Ex Parte Motion on May 13, 2016 ("Second *Ex Parte* Motion") which is titled, "Motion to postpone all Hearing dates until Unsecured Creditor provides up to date requested documents Second 2605(e) of Title 12 of the United States Code." Dckt. 39. The Second

*Ex Parte* Motion begins to fill in some of the blanks with respect to this Chapter 11 proceeding, which allegations include the following:

    A.    "The true lies in the requested documents since January of 2016 to present."

    B.    "The Debtors [this appears to be a typographical error, with ΔIP meaning to reference the creditor] are playing games."

    C.    "The documents that are missing, forged and will show lack of ownership and authority."

    D.    "I am a Senior citizen, broke, handicapped doing my best to have a fair trial to protect my rights under the Constitution of the U.S. to a fair hearing and trial."

    E.    "Chapter 13 first filed and Later Dismissed because Not Personal."

    F.    "Creative Builders Inc has owned 15923 Sonora Rd. Knights Ferry , Ca, 95361 for over '6' years."

    G.    Debt owed was discharge in Chapter 7 and not secured.

    H.    "Letter from creditor states Ernie Altmann owes 'unsecured' creditor 'nothing.'"

Second *Ex Parte* Motion, Dckt. 39.   The ΔIP requests all hearings be postponed until thirty days after the documents he is seeking pursuant to 12 U.S.C. § 2605(e) are produced.

In addition to the hearing set by the court, Rushmore Management Services, LLC ("Rushmore") has pending a motion for relief from the automatic stay (Dckt. 25) and a motion to dismiss the Chapter 11 case (Dckt. 30).   The court reviews in the order setting the hearing on the First *Ex Parte* Motion the Debtor's prior bankruptcy cases and the two motions filed by Rushmore.

## DISCUSSION OF SECOND *EX PARTE* MOTION

From the two *ex parte* motions, the developing picture is that the ΔIP is in a battle with Rushmore and others over whether Rushmore, or anyone, can exercise a power of sale on the Knights Ferry Property.   In the Second *Ex Parte* Motion, ΔIP states that Creative Builders, Inc. (an entity with the Debtor listed having 100% ownership in the Schedules in his prior bankruptcy case) has owned the Knights Ferry Property for over six years (which would go back to at least mid-2010). However, on Schedule A in this Chapter 11 case the Debtor states under penalty of perjury that he personally owns the land and single family home, with some other person.   Schedule A/B, Dckt. 1

at 11. This Schedule further states that "CBI" owns house. *Id.* Thus, it appears that the Debtor, now serving as the ΔIP, asserts that the land is owned by the Debtor, and now the bankruptcy estate, but the house on the property has been severed and is owned by Creative Builders, Inc.

What is also evident is that this dispute with Rushmore and others has little, if anything, to do with the prosecution of a Chapter 11 bankruptcy case and plan. The discussion in the two *ex parte* motions sound in the nature of a dispute in which a borrower contends that a note and deed of trust have been, or were rendered, void by certain events and actions. Therefore, there is no obligation secured by the property at issue and the debtor owns the property free and clear of any liens or obligation to pay the asserted debt.

On the Statement of Financial Affairs, the Debtor lists there being a pending appeal before the Ninth Circuit Court of Appeals for an action titled "*Altmann vs. Rushmore, Wells Fargo, Trustee Corp.*" Statement of Financial Affairs Question 9, Dckt. 1 at 46. The case number 16-15595 is listed for this appeal.

The court has reviewed the case files of the United States District Court for the Eastern District of California, for which the court found the following cases in which ΔIP was the plaintiff:

A.   *Altmann v. Indymac Federal Bank, et al.*, 08-cv-02361.

  1.   Filed...............................August 25, 2009

  2.   Dismissed Without Prejudice.....................June 20, 2010.

B.   *Altmann v. Kennedy Funding, Inc., et al.*, 10-cv-02702

  1.   Filed...............................October 5, 2010

  2.   Dismissed Without Prejudice....................July 29, 2011.

C.   *Altmann v. Homestead Mortgage Income Fund, et al.*, 11-cv-00984

  1.   Filed...............................June 14, 2011

  2.   Complaint filed by ΔIP and Creative Builders, Inc. dismissed by May 29, 2012 order of the court. The properties at issue were not the Knights Ferry Property. The ruling states that the allegations asserted was that a structure on the properties was built by Creative Builders, Inc. and was not subject to any liens of the creditors. 11-cv-00984, Dckt. 23.

D.   *Altmann v. PNC Mortgage, Rushmore Loan Management, LLC, et al.*, 11-cv-01807

  1.   Filed...............................October 27, 2011

2.   The Complaint was dismissed with prejudice as to PNC Bank, N.A. and Rushmore Loan Management Services. 11-cv-01807, Dckt. 33. The property at issue was the Knights Ferry Property.

3.   No appeal of the District Court's order dismissing the Complaint with prejudice appears on the District Court docket.

E.   *Altmann v. Rushmore Loan Management Services, LLC et al.*, 15-cv-00880

1.   Filed December 10, 2015

2.   The court dismissed with prejudice the Complaint as to Rushmore Loan Management Services, LLC, finding that it was a repeat of the matters in the prior action which had been dismissed with prejudice. 15-cv-00880; Memorandum and Order, Dckt. 63. The property at issue was the Knights Ferry Property. Much of the Complaint was "cut and pasted" from the complaint in the prior action. Additionally, the court determined (again) that the Complaint failed to state claims against Rushmore.

3.   A notice of appeal was filed by the ΔIP, in *pro se*, on March 31, 2016. *Id.*, Dckt. 68.

4.   The Ninth Circuit Court of Appeal denied ΔIP's request for a stay of the "4/29/156 foreclosure notice." *Id.*; Order, Dckt. 71. The ruling notes that the timely filing of a notice of appeal is a jurisdictional requirement. The Ninth Circuit Court of Appeal issued its order on April 28, 2016 - one day prior to the commencement of the present Chapter 11 case.

The ΔIP states that he is seeking to assert rights arising under 12 U.S.C. § 2605(e). This provision addresses the obligations of a loan servicer on a federally related mortgage to provide documents to a qualified written request. It is not tied to any "reorganization" through Chapter 11.

The ΔIP goes on to state in the Second *Ex Parte* Motion that Creative Builders, Inc. owns the Knight Ferry Property, Creative Builders, Inc. has not signed for any loans, and the Chapter 7 creditors have had their debts discharged. In this part of the Second *Ex Parte* Motion, the allegations sound in the nature of Creative Builders, Inc.'s rights, not those of the ΔIP or Debtor.

## RULING

The ΔIP has not provided the court with grounds by which the court should suspend all hearings in this bankruptcy case until some later, unspecified date. It appears that the request has been made to keep in place the automatic stay for an indefinite time while Creative Building, Inc. pursues its rights that ΔIP assert exist.

Therefore, upon review of the Motion to Stay All Hearings in this Chapter 11 case, the files

4

in this case, and good cause appearing;

**IT IS ORDERED** that the Motion is denied.

The court's Findings of Fact and Conclusions of Law are stated in this Memorandum Decision and Order.

Dated: May 16, 2016

RONALD H. SARGIS, Chief Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below.* The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| Debtor(s) | Attorney for the Debtor(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| Peter J. Van Zandt<br>44 Montgomery Street, Ste. 3100<br>San Francisco, CA 94104-4705 | |