

POSTED ON WEBSITE
NOT FOR PUBLICATION



FILED
JUN 2 7 2016
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ERNEST GEORGE ALTMANN,<br><br>Debtor. | Case No. 16-90363-E-11<br>Docket Control No. [none provided] |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION ON *EX PARTE* MOTION TITLED

**"Motion for Relief From Foreclosure
Forged and Incomplete Documents
Criminal Forgery of Documents
Violation of Financial Code § 4973
No Legal documents securing any
rights to 15923 Sonora Rd, Ca
95361 produced"**

Ernest George Altman, the Debtor and Debtor in Possession ("Debtor in Possession"), commenced this voluntary Chapter 11 case on April 27, 2016. This Chapter 11 case was dismissed by order of the court on June 5, 2016. Dckt. 66. In finding cause to dismiss this Chapter 11 case, the court's finding of fact and conclusions of law are set forth in the Civil Minutes from the June 2, 2016 hearing. Dckt. 60.

Debtor in Possession filed an *ex parte* motion on May 9, 2016, seeking a stay of the Chapter 11 case pending the production of documents by Rushmore Loan Management Services, LLC. Dckt. 34. On May 11, 2016, the court issued an order setting a hearing for the *ex parte* motion and reviewing the applicable law. Dckt. 38. The court denied this motion. Dckt. 62. The

court's findings of fact and conclusions of law are stated in the Civil Minutes for the June 2, 2016 hearing on this motion. Dckt. 56.

On May 13, 2016, Debtor in Possession filed a second *ex parte* motion titled "Motion to Postpone all Hearing Dates Until Unsecured Creditor provides up to date requested documents." Dckt. 39. On May 16, 2016, the court issued a Memorandum Opinion and Decision and Order denying this second motion. Dckt. 42.

On May 16, 2016, Debtor in Possession filed his third *ex parte* motion, which is titled "Motion to Dismiss Foreclosure because of Lack of Legal Documents and the cancelling of 6/2/16 Hearing Lack of secured and Legal Documents produced by Rushmore L.M.S." Dckt. 44.

On May 24, 2016, Debtor in Possession filed his fourth *ex parte* motion, which is titled "Motion to Clarify Property Owner of Home and Property Size parcels of 1 and 2 for 15923 Sonora Rd, Knight Ferry, CA, 95361." Dckt. 49. The court recast this "motion" as a "Statement of Position" as to what he claimed his rights and interests to be in the property at issue. Order, Dckt. 51. The court further expressly ordered Debtor in Possession to comply with the noticing requirements for motions and properly set them for hearing.

On June 1, 2016, the Debtor in Possession filed his fifth *ex parte* motion, titled "Ernest Altman requests relief from Foreclosure by Rushmore Loan Management Service and Trustee Corps because of Lack of documents providing Legal rights to 15923 Sonora Rd., Knights Ferry, Ca 95361." Dckt. 54. This motion was not set for hearing and not addressed by the court.

On June 22, 2016, after this bankruptcy case was dismissed, Debtor in Possession filed his sixth *ex parte* motion, which is titled "Motion for Relief From Foreclosure Forged and Incomplete Documents Criminal Forgery of Documents Violation of Financial Code § 4973 No Legal documents securing any rights to 15923 Sonora Rd, Ca 95361 produced." As with the five prior *ex parte* motions and the arguments of the Debtor in Possession in court, this motion has nothing to do with any bankruptcy reorganization. Rather, it appears that this is part of the Debtor in Possession's non-bankruptcy dispute with an alleged creditor asserting the right to foreclose on certain property alleged by the Debtor in Possession to be owned in part by the Debtor in Possession and in part by his corporation.

The lack of there being any reorganization or restructuring by the Debtor in Possession is discussed by the court in the Civil Minutes from the June 2, 2016 hearing on the motion to dismiss. Dckt. 60. The court's findings and conclusions include,

> As discussed supra, the Debtor-in-Possession admits in the Status Report that there is currently no plan contemplation on how the case will continue. The Debtor-in-Possession does not state how or why a Chapter 11 case is appropriate or, since the dismissal of the Chapter 13 case, what circumstances have changed to ensure that the instant case will be filed in good faith.
>
> ...
>
> The fact that the Debtor-in-Possession has filed previous bankruptcies does not in and of itself create cause to dismiss the case. However, when there are repetitious filings in which the debtor failed to timely and accurately perform the duties required under law, the repeated filings can be a consideration in determining whether dismissal is in the best interest of the debtor, estate, and creditors.
>
> Here, it is abundantly clear from the nonsensical pleading papers filed by the Debtor-in-Possession in addition to the incomplete and inaccurate schedules that the Debtor-in-Possession is not intending to prosecute this case in good faith. In fact, the Debtor-in-Possession admits in his Status Report that the true intention for the instant filing is to acquire "missing documents." Unfortunately, this is not one of the legitimate purposes Congress created the bankruptcy scheme.

Civil Minutes, Dckt. 60.

The Debtor in Possession appears undeterred by the court's prior detailed rulings and the dismissal of the bankruptcy case, having again filed an *ex parte* motion seeking relief which has nothing to do with the now dismissed bankruptcy case and is not relief which may be requested by motion (either *ex parte* or noticed hearing).

In the sixth and present *ex parte* motion, Debtor in Possession's Motion appears to be a series of: (1) allegations of documents not produced; (2) contentions that documents produced show no legal right or interest of Rushmore Loan Management Services, LLC; (3) that Rushmore Loan Management Services, LLC has sent written correspondence stating that the Debtor owed "no" money; (4) that documents have been forged; and (5) that Debtor in Possession is entitled to money from Rushmore Loan Management Services, LLC.

**GROUNDS DO NOT EXIST FOR THIS BANKRUPTCY
COURT TO EXERCISE FEDERAL COURT JURISDICTION
TO DETERMINE THE NON-BANKRUPTCY LAW OR CASE
DISPUTES ADVANCED IN THE MOTION**

This court has dismissed the bankruptcy case and no proper grounds exist for this court to

exercise the federal judicial power pursuant to 28 U.S.C. § 1334. None of the contentions arise under the Bankruptcy Code or in the bankruptcy case (whether dismissed or not). Rather, all of the disputes and contentions relate to non-bankruptcy law, contract, loan, and property interest issues. Such, if there was a bankruptcy case pending, would be "related to" proceedings and could be a core matter as it related to a claim, if there was some federal reason (such as good faith prosecution of a Chapter 11 case and plan) for the court to determine the claim. However, that is not the situation in this case.

The bankruptcy case having been dismissed and reading the allegations in this sixth *ex parte* Motion, the court cannot identify any cases or controversies to meet the minimum Constitutional requirement for the exercise of federal judicial power. U.S. Const. Art. III, Sec. 2, Cl.1.[1]

### DEBTOR, SERVING AS DEBTOR IN POSSESSION, APPEARS TO BE "FORUM SHOPPING" TO AVOID FINAL ORDERS AND JUDGMENTS OF THE DISTRICT COURT

In the Memorandum Opinion and Order denying the Debtor in Possession's request to stay all Chapter 11 proceedings until documents were produced, the court reviewed a series of District

---

[1] U.S. Const. Art. III, Sec. 1, Cl. 1:

Sec. 2, Cl 1. Subjects of jurisdiction.

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States,--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

See *Southern Pacific Company v. McAdoo*, 82 F.2d 121, 121-122 (9th Cir. 1936),

> Unless it presents a "case" or "controversy," within the meaning of section 2, art. 3 of the Constitution, it is not within the jurisdiction of any federal court. *Nashville, C. & St. L. Ry. Co. v. Wallace*, 288 U.S. 249, 259, 53 S. Ct. 345, 77 L. Ed. 730, 87 A.L.R. 1191; *Willing v. Chicago Auditorium Ass'n*, 277 U.S. 274, 289, 48 S. Ct. 507, 72 L. Ed. 880; *Liberty Warehouse Co. v. Grannis*, 273 U.S. 70, 74, 47 S. Ct. 282, 71 L. Ed. 541.

Court actions by the Debtor against various parties, including Rushmore Loan Management Services, LLC. Dckt. 42. This included dismissal of one action with prejudice involving the Knights Ferry Property at issue in the present *ex parte* Motion. *Altmann v. PNC Mortgage, Rushmore Loan Management*, LLC, et al, E.D. Cal. No. 11-cv-01807.

A second action, *Altmann v. Rushmore Loan Management Services, LLC et al*, E.D. Cal. No. 15-cv-00880, was also dismissed without prejudice. In connection with an appeal, the Ninth Circuit Court of Appeal denied the Debtor's request for a stay of a scheduled foreclosure pending appeal. Order, E.D. 15-cv-00880; Order, Dckt. 71. The judgment of the District Court was entered on December 10, 2015 (*Id.*, Dckt. 64) and the Notice of Appeal filed by Debtor on March 31, 2016, one hundred and twelve days later. In denying the motion for stay, the Ninth Circuit Court of Appeals stated that the timely filing of a notice of appeal is a jurisdictional requirement. *Id.*, Dckt. 71.[2]

The now dismissed Chapter 11 case was filed April 27, 2016, one day before the Ninth Circuit Court of Appeals filed its order denying Debtor's request for a stay pending appeal.

Based on the Debtor in Possession's conduct and repeated filing of similar (if not identical) motions challenging the validity of the interests and rights asserted by and through Rushmore Loan Management Services, LLC, the court believes that the Debtor, having struck out repeatedly in the District Court, is now filing motions in this court in hope of finding a "better" forum to circumvent the District Court orders and judgments.

## RELIEF REQUESTED IN MOTION
## MUST BE SOUGHT BY ADVERSARY PROCEEDING

If a proper basis existed for a bankruptcy judge to exercise federal jurisdiction pursuant to 28 U.S.C. § 1334 and § 157, any such claims to determine the respective rights and interests of persons in notes and property must be brought before the court in an adversary proceeding, not a motion. Fed. R. Bankr. P. 7001. Here, Debtor in Possession appears to request the court "order" that Rushmore Loan Management Services, LLC has no rights to or interest in the Knights Ferry Property. Debtor in Possession also seeks a determination of the effectiveness of various agreements

---

[2] Federal Rule of Appellate Procedure 4 specifies that a notice of appeal must be filed within thirty days of the entry of a judgment or order by a district court.

referenced in the Motion. Debtor in Possession also seeks a monetary award against Rushmore Loan Management Services, LLC. All of these types of claims are listed as requiring an adversary proceeding if litigated in bankruptcy court (if federal court jurisdiction exists).[3]

To be clear for the Debtor in Possession, merely filing an adversary proceeding does not remedy the lack of jurisdiction or the appropriateness of this court exercising federal court jurisdiction when the bankruptcy case has been dismissed and the claims do not arise under the Bankruptcy Code or in the bankruptcy case.

### DOCUMENT TITLED "NOTICE OF MOTION" DEMONSTRATES FURTHER IMPROPER, NON-PRODUCTIVE FILINGS BY DEBTOR IN POSSESSION

The court notes that on June 22, 2016, Debtor in Possession filed a document titled "NOTICE OF MOTION." Dckt. 74. This is a notice form which the Debtor in Possession obtained from some source, and on which he has interlineated information in handwriting around the form fields. In the area for listing the name of the debtor, after the words "[DEBTOR'S NAME]" the Debtor in Possession has written, "In re Rushmore Loan Management Service Wells Fargo Bank

---

[3] Fed. R. Bankr. P. 7001 (emphasis added):

Rule 7001. Scope of Rules of Part VII

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) **a proceeding to recover money** or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

(2) **a proceeding to determine the validity, priority, or extent of a lien or other interest in property**, other than a proceeding under Rule 4003(d);

...

(7) a **proceeding to obtain an injunction or other equitable relief**, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

...

(9) a proceeding to **obtain a declaratory judgment** relating to any of the foregoing; or....

Trustee Corp and PNC Bank." Then after the words "Case No. [BANKRUPTCY CASE NO.] Debtor in Possession has written in 16-90363. That is the case number for Debtor, not the various persons listed on the "Notice."

The form has a separate field for identifying movant and respondent. In that field, below the words "[MOVANT'S NAME] ['Movant'/'Plaintiff']" and next to the text "[vs.]" the Debtor in Possession has written in "Ernie Altmann." In the space below the words "[NAME OF EACH RESPONDENT"] the Debtor in Possession has written "On Proof of Service." The "Notice" does not identify the parties to which it relates on its face, nor has any "proof of service" been filed.

Next to the words "NOTICE OF MOTION AND MOTION FOR" the Debtor in Possession has written "File 6/22/16." This "Notice" does not identify any motion to which it relates. Presumably, the "File 6/22/16" may be a reference to the *ex parte* Motion filed on June 22, 2016, now being reviewed by the court. Dckt. 72. However, that is merely a guess. Additionally, no proof of service has been filed for that Motion.

In the bottom right hand corner of this one page "notice," are the words, "Hearing, Date Aug 25, 2016, Time 2:00 p.m., Day Thursday, Dept - Suite 4." Though August 25, 2016 is a hearing date for cases in the Modesto Division, no law and motion calendar is set for 2:00 p.m. In addition to the above deficiencies, the "notice" fails to comply with the requirements of Local Bankruptcy Rule 9014-1(d)(4).

This failure, or inability, of the Debtor in Possession to provide notice of any motion, failure to put together a notice of motion which actually provides sufficient notice of the matter to be heard and what response is required, and to serve either the motion or notice further demonstrates the ineffective and improper litigation which is being repeatedly filed in this court by the Debtor in Possession.[4]

---

[4] While the Debtor in Possession is very polite in these pleadings, signing them, "Thank you your Honor," the Debtor in Possession appears to lack the ability or willingness to assert claims and interests, to the extent he has any, as permitted in federal court. It may be that he has none, having lost twice at the District Court. It may be that he believes, as some persons do, that the law cannot be the law if that person does not agree with the ruling of the court. Therefore, the Debtor in Possession believes that he can file whatever he wants and it is the responsibility of the court to advocate for him – because "right" must prevail. The court does not advocate for any

7

**DENIAL OF MOTION WITHOUT PREJUDICE**

Debtor in Possession continues to file motions seeking relief which the court cannot properly grant. Debtor in Possession continues to file motions, treating the former existence of the bankruptcy case as justification for filing motions demanding relief from which a lawsuit is filed. No grounds have been provided to the court to show: (1) exercise of federal court jurisdiction is proper; (2) if federal jurisdiction exists, that it is proper for the federal judge to exercise such jurisdiction to determine the non-bankruptcy issues; nor (3) grounds for granting the relief demanded.

The Motion is denied without prejudice.

The court shall issue a separate order denying the Motion. This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law. Fed. R. Civ. P. 52; Fed. R. Bankr. P. 7052, 9014.

Dated: June 27, 2016

RONALD H. SARGIS, Chief Judge
United States Bankruptcy Court

---

party, and it is the burden and duty, even for *pro se* parties that the court liberally construes pleadings, to comply with the basic requirements and advance claims which are at least colorable under the law.

8

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| Debtor(s) | Attorney for the Debtor(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| Peter J. Van Zandt<br>44 Montgomery Street, Ste. 3100<br>San Francisco, CA 94104-4705 | |